UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| LEONARD CASTELLANO, RANDY MONTERROSO, COLTON THOMPSON, JESUS MELENDEZ, MICHAEL STROUD, STAN LOCKETT, TIMOTHY HERNANDEZ, DUSTIN NEYLAND, KEITH GRAMMER, STEVEN MCWILLIAMS, CHRISTOPER TOLER, DAVID HEDMAN, AND STEVEN MAY<br>    Plaintiffs,<br><br>vs.<br><br>SOUTHERN CONNECTIONS AND SERVICES, INC.<br>    Defendant. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 7:19-CV-247 |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Leonard Castellano, Randy Monterroso, Colton Thompson, Jesus Melendez, Michael Stroud, Stan Lockett, Timothy Hernandez, Dustin Neyland, Keith Grammer, Steven McWilliams, Christoper Toler, David Hedman, and Steven May (collectively, the "Plaintiffs"), file this Original Complaint against Defendant Southern Connections and Services, Inc. ("Defendant"), as follows:

### I. PRELIMINARY STATEMENT

1. Southern Connections and Services, Inc. ("Defendant") is or was the employer of Plaintiffs. Plaintiffs were paid both straight time and a day rate for each week worked, regardless of the number of hours worked in each day or each week. Plaintiffs were misclassified as independent contractors, despite the fact that they worked full time for Defendant, and virtually

every aspect of their job was controlled by Defendant. Defendant misclassified Plaintiffs as independent contractors to avoid paying employment taxes, workers' compensation insurance, benefits and overtime. During their time with Defendant, Plaintiffs typically worked 100 - 120 hours per week. Yet Plaintiffs did not receive any additional compensation for the hours worked above forty in a week, and thus Defendant denied their workers overtime pay in violation of Federal law.

2. Plaintiffs bring this action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA") and the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) (the "NMMWA").

3. Defendant willfully committed widespread violations of the FLSA and the NMMWA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. PARTIES

4. Plaintiffs are individuals residing in Texas who all are working or have worked for Defendant. Plaintiffs' Notices of Consent are attached hereto as Exhibits 1-13.

5. Defendant Southern Connections and Services, Inc. is a Texas corporation with its principal place of business in Bullard, Texas, PO Box 960, Bullard, Texas 75757. Southern Connections and Services, Inc. may be served through its registered agent for service of process, Matthew Shane Ooten, 9485 FM 1861, Eustace, Texas 75124, or where found.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

7. This Court has personal jurisdiction over Defendant because it is a Texas resident. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### IV. COVERAGE

9. At all relevant times, Defendant acted and is acting as the employer with respect to Plaintiffs. Defendant was and is responsible for all decisions related to the wages to be paid to Plaintiffs, the work to be performed by Plaintiffs, the locations of work performed by Plaintiffs, the hours to be worked by Plaintiffs, and the compensation policies with respect to Plaintiffs.

10. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the

production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

12. At all relevant times, Plaintiffs are or were employees for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

13. Southern Connections and Services, Inc. provides drilling and completion rigs in the oil and gas industry. It provides casing and tubular running services, torque turn services, and other oilfield services. On information and belief, Defendant has, on average, over 100 workers working on any given day in different parts of Texas and New Mexico, including the Permian Basin.

14. Plaintiff Leonard Castellano worked for Defendant as a casing running tool ("CRT") crew member and Pusher from November of 2017 until February of 2018. Plaintiff Randy Monterroso started working for Defendant as a CRT crew member in October of 2017 and continues to remain employed with Defendant. Plaintiff Colton Thompson worked for Defendant as a CRT crew member from December 2017 to October 2019. Plaintiff Jesus Melendez worked for Defendant as a Pusher and torque turn and thread crew member from January of 2018 until November of 2018. Plaintiff Michael Stroud started working for Defendant in May of 2018 as a floor hand and now currently works as a casing tong operator. Plaintiff Stan Lockett worked for Defendant as a helper from February of 2018 until October of 2018. Plaintiff Timothy Hernandez started working for Defendant in March of 2018 as a torque turn and service crew member and is

still currently working for Defendant. Plaintiff Dustin Neyland worked for Defendant as a CRT crew member from August 2017 to August 2018. Plaintiff Keith Grammer worked for Defendant from August of 2017 until January of 2018 as a torque turn crew member, casing worker, and a driver. Plaintiff Steven McWilliams started working for Defendant in August of 2017 as a dispatcher and field worker, and today works for Defendant as a torque turn worker. Plaintiff Christopher Toler started working for Defendant on September 11, 2018 as a crew hauler, and now works as a torque turn and CRT crew member. Plaintiff David Hedman worked for Defendant from November of 2017 until January of 2019 as a tong operator, as well as operator, CRT Technician, and a torque turn technician. Plaintiff Steven May worked for Defendant from August of 2016 until January of 2018 as a torque turn and casing hand worker.

15. Plaintiffs typically averaged more than 100 hours per week with Plaintiffs routinely working in New Mexico as well. When the Plaintiffs were assigned to jobs in New Mexico, they would regularly work for a week or more there, and would work more than 40 hours in a week while there, often working 100 hours or more in a week. Plaintiffs were misclassified as independent contractors and paid both a day and straight time regardless of the number of hours worked in a given week, even those above forty. Plaintiffs typically worked twenty days on, ten days off (or some variation of this schedule) with no overtime pay. Thus, Plaintiffs were denied overtime pay in violation of the FLSA and the NMMWA.

16. No exemption excuses Defendant from paying Plaintiffs overtime rates under the FLSA and/or the NMMWA.

17. Defendant failed to make a good faith effort to comply with the FLSA and/or the NMMWA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its

illegal pattern or practice regarding overtime compensation. Plaintiffs are entitled to liquidated damages for such conduct.

18. For purposes of this action, the "relevant period" under the FLSA is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

19. Plaintiffs have retained the undersigned counsel to represent them in this action. Pursuant to the FLSA and/or the NMMWA, Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. CAUSES OF ACTION

**COUNT ONE - VIOLATIONS OF THE FLSA**

20. The foregoing allegations are incorporated herein by reference.

21. Plaintiffs are or were non-exempt employees of Defendant.

22. Plaintiffs are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

23. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiffs overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

24. Plaintiffs seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**COUNT TWO - VIOLATIONS OF THE NMMWA**

25. The foregoing allegations are incorporated herein by reference.

26. Plaintiffs are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

27. On information and belief, Defendant's independent contractor misclassification scheme began in late 2013 or early 2014 when the company was formed, and continued until September of 2019. Under the NMMWA, "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred." *See* NMSA 1978 § 50-4-32. Plaintiffs request that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred. As such, Plaintiffs' specifically plead that the limitations period on all of their claims never began to run (if it did at all) until September of 2019, and thus seek unpaid overtime under the NMMWA for all work they performed for Defendant at any time from January 1, 2013 until the present date.

28. Plaintiffs are entitled to treble damages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NMMWA.

## VII. DESIGNATION OF EXPERT WITNESS

29. Plaintiffs designate the following individual as an expert witness in this case:

Josh Borsellino
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
T: 817.908.9861
F: 817.394.2412

As permitted under the FLSA and NMMWA, Plaintiffs seek attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiffs in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully request that on a final hearing, Plaintiffs be awarded all relief requested herein, including:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;
b. Liquidated damages in an amount equal to the unpaid overtime compensation;
c. Treble damages in an amount equal to the unpaid overtime compensation;
d. Attorney's fees, costs and expenses; and
e. Pre- and post-judgment interest at the highest rates allowed by law.

Respectfully submitted,

By: /s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Morgan Scott
State Bar No. 24106412
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com
morgan@oilfieldovertime.com